**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DAVID V. ACOSTA, | § | |
| *Plaintiff* | § | |
| | § | SA-22-CV-00747-XR |
| -vs- | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| *Defendant* | § | |
| | § | |
| | § | |

## ORDER

On this date, the Court considered Defendant's motion to dismiss and motion for judgment on the pleadings (ECF No. 22), Plaintiff's response (ECF No. 29), and Defendant's reply (ECF No. 30). After careful consideration, the Court issues the following order.

## BACKGROUND

On December 4, 2020, Plaintiff, a U.S. Marine Veteran, alleges he received lower back injections at Audie L. Murphy Memorial Veterans' Hospital ("Hospital") pain clinic. ECF No. 5 at 2. Plaintiff alleges these injections temporarily numbed his lower body and made him lightheaded. *Id.* Moreover, Plaintiff alleges that as a result of these injections, he became "paralyzed from [his] waist down" and "[his] heart was failing." *Id.* Because of this reaction, Plaintiff contends that medical staff placed him on oxygen and contacted the Hospital's emergency department, who recommended that Plaintiff be transported immediately to the emergency room ("ER"). *Id.*

To transport Plaintiff, the pain clinic nurses allegedly "rolled" Plaintiff onto a gurney. *Id.* According to Plaintiff, upon making it to the ER, the nurses then rolled him from that gurney and onto a hospital bed. *Id.* After his transport, Plaintiff allegedly observed pain and swelling in his

left hand. *Id.* After an indeterminate amount of time, the medical staff discharged Plaintiff from the ER. *Id.* The next day, Plaintiff alleges he attempted to contact his primary care doctor regarding pain in his left hand but was unable to do so. *Id.* Sometime later, Plaintiff returned to the ER to get an x-ray of his left hand. *Id.* This x-ray allegedly showed that this hand had suffered a spiral fracture, which Plaintiff claims was the result of the nurses previously rolling him onto or off of the gurney during his transport from the pain clinic to the ER. *Id.*

On August 4, 2022, Plaintiff brought a claim for medical negligence against Defendant United States of America (the "Government") under the Federal Tort Claims Act ("FTCA"), alleging that the nurses broke his hand during his transport from the pain clinic to the ER. *Id.* at 2–3. On August 9, 2023, the Government filed a motion to dismiss and motion for judgment on the pleadings, arguing that dismissal is appropriate under Federal Rules of Civil Procedure 12(b)(1) and 12(c). ECF No. 22.

## DISCUSSION

### I.   Legal Standard

Dismissal is proper under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a motion under Rule 12(b)(1), the Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). In addressing a facial jurisdictional attack, a court is required to tkae the allegations of the complaint as true. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Nonetheless, "[r]egardless of the nature of the

attack, the plaintiff seeking a federal forum 'constantly bears the burden of proof that jurisdiction does in fact exist.'" *Chandler v. United States*, 338 F. Supp. 3d 592, 599 (N.D. Tex. 2018) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

In turn, under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment on the pleadings is only appropriate when "the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2009). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014)

(citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

"[I]n those rare circumstances when merits and jurisdictional elements merge or overlap, such as in FTCA cases, courts may address them together under either Rule 12(b)(1) or 12(b)(6) or both." *C.M. v. United States*, No. 5:21-CV-0234-JKP-ESC, 2023 WL 3261612, at *16 (W.D. Tex. May 4, 2023). In general, a "court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming*, 281 F.3d at 161. But in the FTCA context when "pleading a claim and pleading jurisdiction entirely overlap, a

ruling that the court lacks subject-matter jurisdiction may simultaneously be a judgment on the merits." *Brownback v. King*, 141 S. Ct. 740, 749 (2021). "In any event, . . . courts lack authority to dismiss FTCA claims with prejudice when they lack subject matter jurisdiction over the claims." *C.M.*, 2023 WL 3261612, at *16 (citing *Campos v. United States*, 888 F.3d 724, 738 (5th Cir. 2018)).

## II.   Analysis

The Government urges this Court to dismiss Plaintiff's claims, arguing that Plaintiff's claim does not fall within the limited waiver of sovereign immunity granted by the FTCA and that Plaintiff has failed to properly state a claim for medical negligence. ECF No. 22 at 3–4. First, the Government insists that the Court lacks jurisdiction over Plaintiff's claim to the extent that it rests on emergency medical care administered by the nurses at the ER because a willful and wanton negligence standard applies under section 74.153 of the Texas Civil Practice and Remedies Code. *Id.* at 6–8. Second, the Government contends that even assuming section 74.153 does not apply, Plaintiff fails to allege any facts showing that the nurses had a duty to conform to a specific standard of care in transporting Plaintiff, that they failed to conform to that standard of care, or that their failure injured Plaintiff. *Id.* at 8–10. In response, Plaintiff argues that (1) his claim does not fall within the scope of section 74.153, and (2) Plaintiff has properly alleged his cause of action, invoking the doctrine of *res ipsa loquitor*. ECF No. 29 at 2–5.[1]

---

[1] In his response, Plaintiff "does not contest that his claim is a health care liability claim under the Texas Medical Liability Act[.]" ECF No. 29 at 2. In addition, while Plaintiff contests that "his claim falls under the ambit of the section 74.153, which governs the standard of liability for the provision of emergency medical services," Plaintiff does not dispute the Government's argument that the nurses attending to Plaintiff in either the pain clinic or the ER administered "emergency medical care" as defined by Tex. Civ. Prac. & Rem. Code § 74.001(a)(7). *Compare* ECF No. 22 at 6–7 *with* ECF No. 29 at 2–3.

### a. *Section 74.153 of the Texas Civil Practice and Remedies Code*

Under section 74.153, a health-care-liability claimant is required "to prove that the defendant physician or health care provider breached the applicable standard of care with willful and wanton negligence if the claim arises out of the provision of emergency medical care." *Texas Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 129 (Tex. 2018). In relevant part, section 74.153 states:

> [I]n a suit involving a health care liability claim against a physician or health care provider for injury to or death of a patient arising out of the provision of emergency medical care in a hospital emergency department, in an obstetrical unit, or in a surgical suite immediately following the evaluation or treatment of a patient in a hospital emergency department, the claimant bringing the suit may prove that the treatment or lack of treatment by the physician or health care provider departed from accepted standards of medical care or health care only if the claimant shows by a preponderance of the evidence that the physician or health care provider, with willful and wanton negligence, deviated from the degree of care and skill that is reasonably expected of an ordinarily prudent physician or health care provider in the same or similar circumstances.

TEX. CIV. PRAC. & REM. CODE § 74.153(a).

While section 74.153 is not an affirmative defense, the Government argues—and Plaintiff does not dispute—that Plaintiff's FTCA claim as to the nurses' actions within the ER would be barred should the willful and wanton negligence standard under section 74.153 apply. ECF No. 22 at 6–8. (citing *Turner v. Franklin*, 325 S.W.3d 771, 780–81 (Tex. App. 2010)("We conclude the legislature intended 'wilful and wanton negligence,' as used in section 74.153 of the civil practice and remedies code, to mean 'gross negligence.'"); and then *Salas v. United States*, 667 F. Supp. 3d 380, 386 (W.D. Tex. 2023) ("[B]ecause gross negligence requires a plaintiff to prove that a defendant acted with 'conscious indifference' to the public's safety, any award flowing from such a finding would be de facto punitive. Thus, because § 2674 bars recovery of punitive damages in FTCA cases, the Plaintiff cannot recover under a theory of gross negligence.")). Thus, the Court

assumes that to the extent section 74.153 applies, Plaintiff's claim would be barred by sovereign immunity pursuant to 28 U.S.C. § 2674. *See Salas*, 667 F. Supp. 3d at 386.

Here, the Court must address: (1) whether Plaintiff's claim, to the extent it rests on the emergency medical care administered by the nurses in the pain clinic, falls within section 74.153; and (2) whether Plaintiff's claim resting on emergency medical care that was not provided "immediately following the evaluation or treatment of a patient in a hospital emergency department" falls within section 74.153.

     i.  Does Section 74.153 Apply to Emergency Medical Care Provided in the Pain Clinic?

Section 74.153's evidentiary standard will not apply to emergency medical care provided outside the ER during Plaintiff's transport. Under the statute, the willful and wanton negligence standard applies to emergency medical care: "arising out of the provision of emergency medical care [(1)] *in* a hospital emergency department, [(2)] *in* an obstetrical unit, or [(3)] *in* a surgical suite immediately following the evaluation or treatment of a patient in a hospital emergency department[.]" TEX. CIV. PRAC. & REM. CODE § 74.153(a) (emphasis added). But, as Plaintiff points out, Plaintiff did not allege the entirety of his transport took place within the confines of the ER. ECF No. 5 at 2. Rather, Plaintiff alleges he was first "rolled" onto the gurney in the pain clinic. *Id.* By its plain language, section 74.153 applies in only certain locations. TEX. CIV. PRAC. & REM. CODE § 74.153(a) ("arising out of the provision of emergency medical care *in* a hospital emergency department" (emphasis added)). Notably, the Government's motion and reply are silent on this point. *See* ECF Nos. 22, 30. Indeed, the Court has been unable to independently locate any authority suggesting that the willful and wanton negligence standard under section 74.153 would apply to emergency medical care administered in the pain clinic. Thus, the Court holds that the

nurses' act of rolling Plaintiff onto a gurney at the pain clinic does not fall within the ambit of section 74.153.

> ii.  Does Section 74.153 Apply to Emergency Medical Care Provided in the ER?

Section 74.153, however, will apply to Plaintiff's emergency medical care provided in the ER regardless of whether that care was administered "immediately following the evaluation or treatment of a patient in a hospital emergency department." Here, Plaintiff argues that section 74.153 will not apply to his claims relating to that care administered in the ER as his transport was not "immediately following the evaluation or treatment of a patient in a hospital emergency department." ECF No. 29 at 3–4. However, as the Government correctly points out in reply, the Texas Supreme Court has rejected Plaintiff's reading of the section 74.153. *Texas Health*, 569 S.W.3d at 131. That is, the phrase "immediately following the evaluation or treatment of a patient in a hospital emergency department" modifies only "in a surgical suite" in section 74.153. *Id.* at 130–31; *see also Glenn v. Leal*, 596 S.W.3d 769, 771–72 (Tex. 2020). Accordingly, section 74.153 applies to that care Plaintiff received in the ER, and as a result, the portion of Plaintiff's claim based on the care he received in the ER is outside the scope of the FTCA and thus barred by sovereign immunity.

### b.  *Application of Res Ipsa Loquitor*

"Under Texas law, the elements of a medical negligence and medical malpractice claim are (1) a duty to conform to a certain standard of care; (2) a failure to conform to the required standard; (3) actual injury; and (4) a causal connection between the conduct and the injury." *Schofield v. Wellstone Health Partners*, No. 619CV00415ADAJCM, 2020 WL 4614819, at *3 (W.D. Tex. Mar. 2, 2020), *report and recommendation adopted*, No. 6:19-CV-00415-ADA, 2020

WL 4614804 (W.D. Tex. Mar. 26, 2020). Here, the Government correctly argues that Plaintiff fails to properly allege a medical-negligence claim under Texas law, as he fails to "allege[ ] any facts to show that the Hospital's nurses had a duty to conform to a specific standard of care in transporting him, that they failed to conform to a standard of care in transporting him, or that their failure caused the injury." ECF No. 22 at 8–9. In addition, the Government points out that Plaintiff "fails to set forth any facts showing how the nurses may have caused his hand fracture," and that "[h]e does not allege that while transporting him, the nurses ever touched or moved his hand in any manner." *Id.* at 9. In rebuttal, Plaintiff only argues that the doctrine of *res ipsa loquitur* should apply in this situation. ECF No. 30 at 4.

Whether *res ipsa loquitor* saves Plaintiff's claim turns on whether the operation of a gurney falls within the common knowledge of laymen.[2] While Plaintiff contends that no Texas courts have addressed this question and urges the Court to follow the lead of the Court of Appeals of North Carolina, in *Alston v. Granville Health System*,[3] the Government points out that the Texas Court of Appeals has previously held that the operation of a stretcher in an analogous emergency situation "is beyond that which can be considered common sense to a lay person." *ETMC EMS v. Dunn*, No. 12-19-00152-CV, 2020 WL 562971, at *7 (Tex. App.—Tyler Feb. 5, 2020, pet. denied) (mem. op.). Indeed, the Court finds the court's opinion in *Dunn* to be more persuasive. Put simply,

---

[2] "*Res ipsa loquitur* is applicable only when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant." *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990). Indeed, "*res ipsa loquitur* has been restrictively applied in medical malpractice cases." *Id.* at 951. "Under Texas law, in medical malpractice cases the theory of *res ipsa loquitur* only applies in three instances: 1) negligence in the use of mechanical instruments; 2) operating on the wrong part of the body; and 3) leaving surgical instruments or sponges in the body." *Stiles v. Tenet Hosps. Ltd.*, No. EP-09-CA-0463-FM, 2010 WL 11601880, at *4 (W.D. Tex. Aug. 27, 2010); *accord Haddock,* 793 S.W.2d at 951. In cases where the use of a mechanical instrument is alleged, such as here, "[r]es ipsa loquitur may not be applied in those circumstances when the use of the mechanical instrument is not a matter within the common knowledge of laymen." *Haddock*, 793 S.W.2d at 951.

[3] *Alston v. Granville Health Sys.*, 207 N.C. App. 264, 699 S.E.2d 478 (2010) (holding that *res ipsa loquitor* was applicable where "[d]ecedent allegedly was injured by falling off a gurney in an operating room while unconscious").

the operation of a gurney in a medical emergency, such as that alleged here, is not within the common experience of a layman. *Dunn*, 2020 WL 562971, at *7.

### c. Leave to Amend

Though this Court holds doctrine of *res ipsa loquitor* does not apply and Plaintiff has otherwise failed to properly allege a plausible claim of medical negligence, the Court will grant Plaintiff leave to amend. As Plaintiff argues in his response, the Government waited more than 11 months to file its motion. Thus, this Court is justified in granting Plaintiff leave to amend under Rule 15's more liberal pleading standard. *See Sekil v. ADT Sec. Servs., Inc.*, No. CIV.A. H-08-0510, 2008 WL 4844209, at *3 (S.D. Tex. Nov. 3, 2008) ("Parties often respond to motions for judgment on the pleadings . . . by amending their pleadings to "amplify a previously alleged claim . . . ." Such amendments are routinely granted under Rule 15(a), almost as a matter of course." (citation omitted)).[4] In addition, with respect to Plaintiff's claim premised on medical care provided outside of the ER, the Government's motion is aimed at procedural deficiencies of Plaintiff's pleadings, rather than substantive deficiencies. *See Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1282 (D. Kan. 1997) ("If, on the other hand, plaintiff does not state a claim with respect to certain allegations because the procedural pleading requirements of Fed. R. Civ. P. 8(a) have not been met, judgment for defendant is not necessarily the proper result here. Rather, the court concludes in its discretion that plaintiff should be permitted to cure the procedural deficiencies by filing an amended complaint.").

### <u>CONCLUSION</u>

For the foregoing reasons, the Government's motion to dismiss and motion for judgment on the pleadings (ECF No. 22) is **GRANTED**. Plaintiff's claim for medical negligence is

---

[4] Indeed, the Court does not find that any of the Rule 15 factors militate against granting leave here. *See N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018).

**DISMISSED WITHOUT PREJUDICE**.[5] Nonetheless, should Plaintiff be able to properly allege

a claim based on that medical care he received outside of the ER, Plaintiff is granted leave to file

an amended complaint within fourteen (14) days of the filing of this order.

It is so **ORDERED**.

**SIGNED** this 26th day of February, 2024.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] This dismissal must be without prejudice. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").